**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0541-18T3

A.P.,

     Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT
OF HUMAN SERVICES,
DIVISION OF FAMILY
DEVELOPMENT,

     Respondent-Respondent.

_____

          Submitted February 3, 2020 – Decided February 20, 2020

          Before Judges Geiger and Natali.

          On appeal from the New Jersey Department of Human Services, Division of Family Development, Agency Docket No. C100905015.

          A.P., appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Arundhati Mohankumar, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner A.P. appeals from the September 6, 2018 final agency decision of respondent New Jersey Department of Human Services, Division of Family Development (DFD), which affirmed the determination of Ocean County Board of Social Services (Board) to terminate her emergency assistance (EA) benefits in the form of motel placement as emergency temporary shelter. We affirm.

In March 2018, the Board provided EA benefits to A.P. by placing her in a Seaside Heights motel. Her placement was conditioned on compliance with a service plan in which she agreed to abstain from using drugs or alcohol and to attend a substance abuse/behavioral health initiative program (SAI/BHI). A.P. also acknowledged that she was not to allow any unauthorized individuals to occupy her room without prior authorization from the Board.

A.P. missed a rescheduled drug screening appointment because she was hospitalized. She advised her Board social worker of that fact but failed to inform the coordinator at her SAI/BHI program, which closed its file as a result. Shortly thereafter, on May 1, 2018, the Board terminated A.P.'s benefits claiming that A.P. failed to comply with the terms of the service plan. A.P. appealed the Board's decision and the matter was transmitted to the Office of Administrative Law (OAL) for a fair hearing as a contested case. The Board

2

continued A.P.'s benefits during the pendency of the appeal of the May 1, 2018 termination.

The Board thereafter moved A.P to a motel in Neptune on May 17, 2018. A.P. signed two service plans related to her stay at that temporary shelter, one in April 2018 and a second in May 2018, which required her, among other conditions, to participate in substance abuse counseling, remain drug and alcohol free, and to comply with the rules of the shelter. A.P. also understood that she was not permitted to have unauthorized visitors in her room. In this regard, both the April and May 2018 service plans stated:

> YOUR EA-TS/TRA APPROVAL IS FOR YOU ALONE, ANY UNAUTHORIZED PERSONS STAYING IN YOUR RESIDENCE WITHOUT WRITTEN PERMISSION FROM [THE BOARD] IS GROUNDS FOR TERMINATION OF YOUR EA/TRA BENEFITS.

On May 20, 2018, the Board learned that A.P. permitted an unauthorized visitor to stay in her room overnight, which A.P. admitted. Employees at the Neptune motel also advised the Board that A.P. had a "regular hotel guest" who stored his bike under the stairs which "creat[ed] a problem."

The Board terminated A.P.'s EA benefits on May 25, 2018, effective June 9, 2018, because she failed to comply with the terms of her service plans. The Board also imposed a six-month period of ineligibility for EA benefits.

A-0541-18T3

A Board social worker later visited A.P. at the Neptune motel and observed that A.P. placed a lock on the door of her room. The motel maintained that A.P.'s actions were "illegal . . . [and] against [the] fire code" and requested that the Board remove A.P. and place her in a different temporary residence.

A.P. appealed the May 25, 2018 termination. At the fair hearing, the Administrative Law Judge (ALJ) addressed both A.P.'s appeal of the Board's May 1, 2018 and May 25, 2018 determinations. The ALJ considered documentary evidence and the testimony of a Board social worker, a Board human services specialist, and A.P.[1]

The ALJ issued an initial decision on July 27, 2016 and determined as to the May 1, 2018 termination that A.P. established good cause to justify missing her scheduled appointment with her SAI/BHI counselor and her termination of benefits on that basis was improper. With regard to the May 25, 2018 termination, however, the ALJ concluded A.P. impermissibly allowed an overnight visitor in her room without prior authorization thereby violating her service plans. The ALJ relied upon statements contained in the contemporaneous police report and noted A.P.'s admission in her testimony that

_____

[1] The transcript of the hearing is not contained in the record on appeal. No party has disputed, however, the proofs presented at the hearing or the ALJ's detailed account of the witnesses' testimony.

A-0541-18T3

she permitted a visitor to stay overnight. The ALJ accordingly affirmed the Board's May 25, 2018 termination of A.P.'s EA benefits and its six-month period of disqualification from EA benefits.

A.P. filed exceptions and on September 6, 2018 the Director of the DFD reviewed the record and issued a final determination that adopted the ALJ's July 27, 2018 decision. The Director also concluded that A.P. "violated the motel's safety policy by placing an unauthorized lock on her motel room door," contrary to N.J.A.C. 10:90-6.3(c)(5). The Director affirmed the ALJ's determination that a six-month period of EA ineligibility was warranted.

Our scope of review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "[A] strong presumption of reasonableness attaches" to the agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994)). The burden is upon the appellant to demonstrate grounds for reversal. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

"[A]n appellate court is 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue . . . .'" In re Carter, 191 N.J. 474, 483 (2007); see also Manalapan Realty, L.P. v. Twp. Comm. of

5

Manalapan, 140 N.J. 366, 378 (1995). To that end, we will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

EA benefits in the form of emergency shelter and housing assistance are administered at the county level consistent with DFD's supervision and relevant regulations. See N.J.A.C. 10:90-6.3(a). Requests for emergency housing assistance are restricted to individuals "in a state of homelessness or imminent homelessness due to circumstances beyond their control" or if the individual is homeless due to the "absence of a realistic capacity to plan in advance for substitute housing." N.J.A.C. 10:90-6.1(c).

Recipients of EA must sign a service plan that identifies the "mandatory and non-mandatory activities as determined by the Board." N.J.A.C. 10:90-6.6(a). If an individual, without good cause, is non-compliant with the terms of a service plan, the Board can terminate EA benefits for a period of six months. Ibid. Further, an individual may be terminated from receiving EA benefits for

6

six months for violating the health and safety policies of a placement, such as the Neptune motel at issue here. N.J.A.C. 10:90-6.3(c)(5).

Here, A.P. admitted to permitting an overnight guest in her Neptune motel room contrary to her service agreement and she was no longer entitled to receive EA benefits. The Director also concluded that she was ineligible for EA benefits because she placed a lock on the door, contrary to motel policy and N.J.A.C. 10:90-6.3(c)(5). We are satisfied that the Director's decision was supported by substantial credible evidence in the record and it is not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0541-18T3